**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: | ETHICON, INC.,<br>PELVIC REPAIR SYSTEM<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |

THIS DOCUMENT RELATES TO:

*Mary Ellen Wiley & John Wiley v. Ethicon, Inc., et al.*      Civil Action No. 2:13-cv-30926

**ORDER**

Pending before the court is Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions and Dismissal Without Prejudice [ECF No. 12]. For the reasons stated below, Ethicon's Motion [ECF No. 12] is **GRANTED**.

**I.     Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at*

http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL.

The instant plaintiff, however, did not comply with PTO # 17 in that she wholly failed to submit a completed PPF in this action, which is now 635 days late. Ethicon first moved for sanctions against the plaintiff [ECF No. 5] on May 14, 2015 for failure to submit her PPF. The plaintiff made no response to Ethicon's Motion except to file a Notice of Voluntary Dismissal [ECF No. 8] that same day, which the court denied. The court entered an Order [ECF No. 9] giving the plaintiff 30 days to submit her completed PPF with the caveat that failure to comply would result in dismissal with prejudice upon motion by the defendant. The 30-day second chance expired without the plaintiff submitting her PPF and the defendants consequently moved to dismiss the case with prejudice. The defendants subsequently discovered that the plaintiff had dual actions pending in this MDL, and requested to withdraw their motion for dismissal with prejudice, which the court granted [ECF No. 13]. Instead, the defendants filed the instant motion, which requests dismissal *without* prejudice and a $500 sanction [ECF 12]. Although the plaintiff's counsel now acknowledges that the plaintiff has duplicate cases pending, it has not provided any explanation for the plaintiff's discovery deficiency. *See* Pls.' Mem. In Opp. to Defs.' Mot for Sanctions [ECF No. 14]. The plaintiff insists sanctions are inappropriate, but in the alternative, requests dismissal without prejudice. *Id*. at 4.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing]

2

thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

### III. Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff has not provided substantial justification for her failure to timely submit to discovery. The court can infer that the deficiency is due to plaintiff's dual representation in this MDL, however this does not lessen the plaintiff's obligation to comply with PTOs and other court orders. A civil plaintiff has an obligation to "see to it that [her] lawyer acted with dispatch in the prosecution of [her] lawsuit," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962), and, as set forth in PTO # 4, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." (PTO # 4 ¶ C, *In re: Ethicon Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002327, entered Apr. 17, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). This includes awareness of and good faith attempts at

3

compliance with all PTOs and other court orders. PTO # 17—*which was jointly drafted by the leadership counsel of both parties*—expressly states that failure to timely submit a PPF could result in sanctions.

Furthermore, there are no circumstances that make this sanction unjust. The defendants—not plaintiffs—brought the plaintiff's dual representation to the attention of the court. The court's docket reflects that the action at bar was filed *after* the same plaintiffs filed a complaint in the same MDL.[1] The discovery violation resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Considering the economic and administrative realities of multidistrict litigation, where the cost of preparing and serving even the most elementary of motions can quickly and easily add up, I find that $500 is a representative, though minimal, valuation of Ethicon's expenses. This number accounts for the time and money Ethicon spent identifying Ms. Wiley as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting a motion for sanctions; serving the motion; and replying to the plaintiff's brief in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order or not filed duplicate cases to begin with, to be worth $500 at the least.

Accordingly, Ethicon's motion for sanctions is **GRANTED** to the extent that it seeks the $500 payment of reasonable expenses. The court also **GRANTS** the motion to dismiss the case without prejudice as an improper duplicate case.

---

[1] The plaintiff has another civil action pending in this MDL, Civil Action No. 2:13-cv-28820. The complaint in that action was filed on November 12, 2013. The complaint for the instant action was filed on November 25, 2013. According to the plaintiffs, the plaintiff timely submitted a PPF in her original civil action, and the defendants did not move for sanctions in that action. Pls.' Mem. in Opp. to Defs.' Mot. for Sanctions 2 [ECF No. 14].

4

## IV. Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Ethicon **$500** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. Further, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

It is **ORDERED** that Ethicon's Motion for Sanctions and Dismissal Without Prejudice [ECF No. 12] is **GRANTED.** The case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 20, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.

5